## YOCK KEE *v.* HILO MERCANTILE COMPANY, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED APRIL 6, 1901.                    DECIDED JUNE 4, 1901.

FREAR, C.J., AND PERRY, J.

A mortgage cannot operate as security for a greater sum than that expressed on its face, even though it may operate to secure future advances without so indicating on its face.

Money paid under a mistake of fact may be recovered, as where plaintiff, who had assumed the payment of a mortgage, asked the mortgagee how much was due and upon being told the whole amount of the mortgagor's indebtedness paid it, including an amount not covered by the mortgage.

OPINION OF THE COURT BY FREAR, C.J.

Assumpsit for $41.32 for money claimed to have been paid by mistake. The case comes here on exceptions from the Circuit Court where it was tried jury waived on appeal from the District Court. Judgment was rendered for the plaintiff in both those courts.

One Ah Mun mortgaged on June 20, 1898, a leasehold interest in certain land to the defendant to secure the payment of $500 recited in the mortgage as owing from him to it. In fact he then owed on book account $461.99. Afterwards, probably in July, the debt was increased $85.49 by the purchase of more goods, but this amount was by an oversight charged to the account of another person until December 31, 1898, when it was transferred to Ah Mun's account.

The plaintiff purchased the leasehold interest of Ah Mun for $300 cash and the assumption of the payment of the $500 mortgage.

On July 26 Ah Mun paid $100 to the defendant on account and was reimbursed by the plaintiff. On August 27 the plaintiff paid the defendant $100 more on account and was told by the defendant that the balance due was about $270.

In March, 1899, defendant gave its claim to an attorney for collection and the latter made preparations to bring suit for foreclosure of the mortgage, when one Ah Hip, representing the plaintiff, guaranteed in writing the payment to defendant of the debt not to exceed $377 on or before April 20, 1899, owing defendant by Ah Mun upon the mortgage, the mortgage to be cancelled or assigned to him, Ah Hip, upon payment of the debt. On April 21, 1899, Ah Hip paid the amount which defendant informed him Ah Mun owed, amounting to $375.61 including interest and took an assignment of the mortgage and lease. The plaintiff upon learning the amount paid brought this action for the excess, $41.32, claimed to have been paid in excess of the amount secured by the mortgage.

The defendant contends that the mortgage was a continuing security, that it was made to secure future advances and that this fact need not appear on the face of the mortgage. But it does not appear at all in this case, that the mortgage was made with the intention at the time to secure future advances as well as existing indebtedness. It could not in any event operate as security for more than its face, $500.

The plaintiff was not bound to pay more than the amount secured by the mortgage whether under the agreement with Ah Mun or under that with the defendant. Ah Hip acting for the plaintiff, asked the amount of the debt secured by the mortgage. The defendant in reply named the amount of Ah Mun's total indebtedness to it, which exceeded that secured by the mortgage. The defendant in so informing him may have labored under a mistake of law and believed as it now contends that the mortgage operated to secure the whole indebtedness, but

Ah Hip may have paid the whole under a mistake of fact which he was led into by the defendant as to the amount that was secured by mortgage. It is not easy to say from the evidence just what the circumstances were. The evidence is meager and indefinite. A slight change in the circumstances as disclosed by the evidence might make the case clear one way or the other. But the evidence is such as might be held to support the finding of the trial court that Ah Hip was misled by the defendant into the mistake of fact as to the amount then due on the mortgage. The case is here on exceptions and the question is merely whether there was evidence to support the findings of the Circuit Court. Nor can we consider questions not raised by the exceptions.

The exceptions are overruled.

*W. S. Wise* for the plaintiff.

*Charles M. LeBlond* for defendant.